## COMMONWEALTH *vs.* MARY KENNEDY.

At the trial of an indictment for keeping a tenement used for illegal sale of intoxicating liquors, if there is evidence tending to show that the defendant kept an open bar in a tenement occupied by him in the basement story of a building, and made sales of intoxicating liquors there, evidence is competent further to show that persons have been seen to enter there sober and come out drunk; although there were other tenements in the same building, occupied by other tenants, to which there was a separate entrance, and there is no evidence to show whether or not there was any inside connection between the defendant's tenement and the other tenements, or whether intoxicating liquors were kept in the other tenements.

INDICTMENT for keeping a tenement used for illegal sale of intoxicating liquors.

At the trial in the superior court, before *Reed*, J., a police officer testified that the defendant occupied the basement of a building containing several tenements and occupied by several tenants; that the entrance to her tenement was in the basement, and there was another entrance to the other tenements

and that he had never been inside the building and did not know whether there was any communication between her tenement and the others. There was no evidence whether intoxicating liquor was or was not kept in the other tenements; but there was evidence tending to show that the defendant kept an open bar and had made distinct sales of intoxicating liquor.

Thereupon, against the defendant's objection, the police-officer was permitted to testify that during the time covered by the indictment he had seen persons enter the defendant's tenement sober and come out afterwards drunk.

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*C. A. Beach,* for the defendant, cited *Commonwealth* v. *Madden,* 1 Gray, 486; *Commonwealth* v. *Harwood,* 4 Gray, 41.

*C. Allen,* Attorney General, for the Commonwealth, cited *Commonwealth* v. *Greenen,* 11 Allen, 241.

BIGELOW, C. J. The evidence was clearly competent, not as by itself establishing the guilt of the defendant, but as a link in the chain of circumstances, and, in connection with other facts which were proved, as tending to show that the tenement kept by the defendant was used for the unlawful purposes alleged in the indictment. A fact which, standing alone, would be consistent with innocence, may, when taken in connection with other facts, become significant evidence of guilt.

*Exceptions overruled.*