## COMMONWEALTH *vs.* DANIEL CARNEY.

At the trial of an indictment on the Gen. Sts. *c.* 87, §§ 6, 7, for keeping a tenement for the illegal sale of intoxicating liquors, evidence that the defendant kept it at a certain time when it was not used unlawfully is competent, in connection with evidence that he kept it for the sale of intoxicating liquors at other times from one week to eight weeks previously, as tending to show, in the absence of any apparent change, the nature of his continuous occupancy as keeper.

INDICTMENT on the Gen. Sts. *c.* 87, §§ 6, 7, for keeping and maintaining at Lynn on June 1, 1871, and divers other days and times between that day and the first Monday of October 1871, a tenement used by the defendant for the illegal sale and illegal keeping of intoxicating liquors.

At the trial in the superior court, before *Scudder*, J., two of the witnesses for the Commonwealth testified to sales of intoxicating liquors by the defendant in the tenement on the 25th of July and the 2d, 20th and 23d of September 1870, and also to acts of the defendant on those occasions, which tended to show that he was the keeper of it. The Commonwealth was then permitted, against the defendant's objection, to introduce the testimony of one of these witnesses, as tending to prove that the defendant was the keeper of it, that, hearing a disturbance there on or about September 30, 1870, he went in, and found the defendant and some other men present, and asked the defendant what the matter was; that the defendant replied that the men wanted some liquor and were making trouble because he refused to let them have it; and that the witness advised him to turn the men out of the tenement, and lock it up, and he did so. After the introduction of this testimony, the defendant requested the judge to exclude it from the consideration of the jury, on the ground " that it was immaterial whether he kept the tenement at a time when it was not used unlawfully, and that no inference could be drawn from it as to a previous keeping ; " but the judge refused to do so. The only question argued to the jury was whether there was sufficient proof of the keeping of the tenement. They returned a verdict of guilty, and the defendant alleged exceptions.

VOL. XII.    27

*S. B. Ives, Jr.,* for the defendant.

*C. Allen,* Attorney General, for the Commonwealth.

COLT, J.    Evidence that the defendant kept a tenement at a time when it was not kept for an unlawful purpose would not, it is true, alone be sufficient to show that he had previously kept it when it was so used.    But this evidence does not here stand alone.    There was proof of the defendant's possession and use of the premises for an unlawful purpose shortly before ; and the evidence was properly admitted, as tending to show, in the absence of any apparent change, the nature of the defendant's continuous occupancy of the premises as keeper.    *Todd* v. *Rowley,* 8 Allen, 51, 58.    1 Greenl. Ev. § 41.    *Exceptions overruled.*