## COMMONWEALTH *vs.* HIRAM H. BERRY.

At the trial of a complaint on the St. of 1869, *c.* 415, §§ 31, 36, for keeping intoxicating liquor on a certain day with intent to sell, there was evidence that a considerable quantity of intoxicating liquor was found on that day in a kitchen attached to the defendant's oyster saloon, the front room of which contained a bar; that a week afterwards intoxicating liquor was found concealed in the kitchen; and that in the mean time men had been seen coming drunk from the saloon. The judge instructed the jury that in order to convict they must find that on said day, when the liquor was found on the defendant's premises, the defendant kept it with intent to sell; that they had a right, from all the circumstances proved, to say whether the defendant did or did not keep said liquor for sale; and that the circumstances proved, or such as they might think proved, were competent evidence to support a conviction. *Held*, that the defendant had no ground of exception.

COMPLAINT on the St. of 1869, *c.* 415, §§ 31, 36, to a justice of the peace in Middlesex, for keeping intoxicating liquor on January 12, 1872, at Natick, with intent to sell. At the trial in the superior court on appeal, before *Dewey*, J., state constables, called by the district attorney as witnesses, testified that the defendant kept an oyster saloon in Natick on January 12, 1872, and for two years before; that on that day the witnesses went into the front room of the saloon, in which was a bar, and made a thorough search there for intoxicating liquor, and found nothing but mineral waters and cigars; that in the second room they found nothing but chairs and tables; but that in a small room, used as a kitchen, they found a pint of whiskey, two quarts of rum and half a pint of gin, in bottles, on a shelf, also a dozen tumblers, a drainer and a rinsing tub, all together, and "in the vicinity" seventy-five bottles containing intoxicating liquor; that on January 19 they found three bottles partly filled with rum, concealed behind the mop-board of the kitchen; and one of the witnesses was allowed to testify, against the objection of the defendant, that he thought he had seen men coming out of the defendant's saloon in an intoxicated condition between January 12 and January 20. This was all the evidence offered by the Commonwealth. The defendant asked the judge to rule that this evidence was not sufficient to sustain a verdict of guilty; but the judge refused so to rule.

The defendant requested the judge to instruct the jury that the mere fact that the defendant had intoxicating liquor in his kitchen on January 12, 1872, had no legal tendency to show that the defendant kept it illegally with intent to sell. The judge so instructed the jury, and also instructed them " that in order to convict the defendant they must find from all the evidence that on January 12, 1872, when the bottles were found containing whiskey, rum and gin on the defendant's premises, the defendant kept such intoxicating liquor then and there with intent to sell contrary to law; that they had a right, from all the circumstances proved, to say whether the defendant did or did not keep said intoxicating liquor for sale contrary to law; that no sales need be proved; that the circumstances proved in this case, or such of them as they might think proved, were competent, from which the defendant might be found guilty;" but the judge did not say " what or how many of said circumstances offered in testi mony by the Commonwealth would be sufficient or competent in itself, or themselves, to show that the defendant was guilty of the complaint charged," and there was no request by the defendant that he would do so. The jury returned a verdict of guilty, and the defendant alleged exceptions.

*G. A. Somerby*, for the defendant.

*J. C. Davis*, Assistant Attorney General, ( *C. R. Train*, Attorney General, with him,) for the Commonwealth.

GRAY, J. The evidence as to the quantity of intoxicating liquors and other articles found on January 12 in the kitchen connected with the oyster saloon and bar kept by the defendant, as to the finding of such liquors a week afterwards concealed in the same room, and as to persons being seen in the interval coming out of the saloon in a state of intoxication, was competent and sufficient evidence to warrant a jury to return a verdict that the defendant on January 12 kept intoxicating liquors with an intent to sell them contrary to law, and was submitted to the jury with suitable instructions. *Commonwealth* v. *Blood*, 11 Gray, 74. *Commonwealth* v. *Higgins*, 16 Gray, 19. *Commonwealth* v *Kennedy*, 97 Mass. 224. *Commonwealth* v. *Carney*, 108 Mass. 417.

In the case of *Commonwealth* v. *Intoxicating Liquors*, 105 Mass. 595, cited for the defendant, the liquors were found in a dwelling-house, containing no shop, bar or public eating-room; the evidence as to the amount of liquors, the kind of vessels containing them, the place where they were found, and the other articles in the house, was quite consistent with their having been kept for the owner's personal use; and the instructions to the jury were not so carefully guarded.                    *Exceptions overruled.*