COMMONWEALTH *vs.* FRANK CAMPBELL.

Hampshire. September 14. — October 2, 1874. WELLS & MORTON, JJ., absent.

On an indictment under the Gen. Sts. c. 87, § 7, for keeping a tenement used for the illegal keeping and illegal sale of intoxicating liquors, if the government contends that liquors had been there sold and kept for sale in violation of law, it is not necessary to prove delivery of liquors, but the fact of a sale having been made may be shown by circumstantial evidence; and the manner in which the place is fitted up, the furniture and liquors found there, the number of persons about the premises, are all circumstances tending to show that the keeper of the tenement was engaged in the illegal sale of liquors.

The St. of 1869, c. 415, § 35, making the delivery of intoxicating liquors *primâ facie* evidence of a sale, does not preclude the government from proving the fact of a sale by circumstantial evidence, where there is no evidence of a delivery.

INDICTMENT under the Gen. Sts. c. 87, § 7, charging the defendant with keeping a common nuisance, to wit, a tenement in Northampton used for the illegal keeping and illegal sale of intoxicating liquors, on March 1, 1874, and on other days between that day and May 21, 1874.

At the trial in the Superior Court, before *Wilkinson,* J., Elijah N. Sampson, a state constable, testified that he visited the defendant's premises on April 7 and 9, and on May 17, that the defendant occupied three rooms of a tenement on Masonic Street, the front room having a high counter which the witness called a bar, and behind it were some tumblers ; that there were shelves behind this counter where soda, small beer, cigars, &c., were kept ; that

in the next room in the rear of this was a bed room, and in the rear of that a room with tables for card playing; that on his visits of April 7 and 9 he found no liquor, but the tumblers smelt of liquor; that on May 17, which was Sunday, and the day after the Mill River Reservoir disaster, and a day when there was a multitude of strangers in Northampton, seeing quite a crowd in the neighborhood of defendant's premises he went there and found the doors locked, but saw four men coming out of the side door; that he passed in and saw one man to all appearance drunk, and also saw a crowd of as many as ten others stand leaning against the so called bar, inside the bar-room, and found behind the bar a bottle partly filled with liquor and tumblers smelling of liquor and a keeler; that he saw no one drinking and no liquor being poured out or served. There was no other evidence offered by the government.

The defendant was a single man, and there was evidence tending to show that the rooms in the rear of the front room were his ordinary living and lodging apartments, and that he had no house elsewhere; that there was no cooking stove in any of said apartments; there was a front door and side door by which the several apartments might be reached, the side door being the door by which the bed room and rear room were most directly accessible from without.

The district attorney contended and argued to the jury that liquors had been sold and drunk and were kept for sale on the defendant's premises, in violation of law.

The defendant asked the court to instruct the jury as follows:

1. If the defendant was a single man and had his bed, took his meals, and had his lodgings on the premises, and habitually lived on the premises, it was as much his dwelling-house as though he had a family, and were living and lodging there with his family.

2. That there was no such evidence in the case of an actual delivery of liquor as to raise the statute presumption of a sale in violation of law.

The presiding judge gave the first instruction, but declined to give the second, and submitted the case to the jury on instructions otherwise applicable and not objected to, and the defendant ex-

cepted to the foregoing refusal to instruct. The jury returned a verdict of guilty and the defendant alleged exceptions.

*C. Delano*, for the defendant. The court should have instructed the jury that there was no such evidence of a delivery of liquors as to raise the statute presumption of a sale. St. 1869, c. 415, § 35. This prayer for instruction was made necessary by the district attorney having unnecessarily contended and argued " that liquors had been sold " on the premises. But there was no sufficient evidence to warrant this argument, and the jury were in danger of being misled by it. Sampson, the only witness for the government, saw no one drinking, and no liquor poured out or served. On the evidence reported, the defendant could not have been convicted of either being a common seller or of single sales.

*C. R. Train*, Attorney General, for the Commonwealth.

AMES, J. The St. of 1869, c. 415, § 35, provides that the delivery of intoxicating liquors, under certain circumstances, shall be deemed *primâ facie* evidence of a sale. It having been argued on behalf of the prosecution that such liquors had been sold and used, and were kept for sale on the defendant's premises, it became necessary for the court to instruct the jury, among other things, as to the legal and proper proof of sale. The only objection relied upon by the defendant to the judge's charge was his refusal to instruct the jury that there was no such evidence of delivery as to bring the case within the provision of the statute above referred to. But there is nothing in any statute that declares that such shall be the only evidence of a sale, or that attaches to it any special or peculiar importance. The fact that a person sells liquor at a given place may be proved by circumstantial evidence. The manner in which the place was fitted up, the furniture and liquors found there, the number of persons about the premises, the character and condition of the persons so found, are all of them circumstances having a tendency to show that on the occasion in question the defendant was engaged in the sale of liquors. *Commonwealth* v. *Van Stone*, 97 Mass. 548. *Commonwealth* v. *Berry*, 109 Mass. 366. *Commonwealth* v. *Dearborn*, Ib. 368. It does not appear from the bill of exceptions that the statute presumption arising from the act of delivery was relied upon by the prosecution. It was therefore unnecessary to give

the instruction requested by the defendant. As the instructions were in all other respects unobjectionable, the

*Exceptions are overruled.*