## COMMONWEALTH *vs.* WILLIAM WALLACE.

Bristol. Oct. 26. — Nov. 24, 1886. DEVENS & W. ALLEN, JJ., absent.

At the trial of an indictment for keeping and maintaining a tenement used for the illegal sale and keeping of intoxicating liquors, if the defendant has a license of the first class, under the Pub. Sts. *c.* 100, to sell such liquors at the premises described, and the government relies on violations by the defendant of the conditions of his license, the defendant is not entitled to ask, on cross-examination, a witness for the government, who has testified to the character of the premises during the time covered by the indictment, and to his familiarity with the premises for eight years before, what was the character of the premises during the time covered by the indictment as compared with what it was before the defendant occupied under his license.

At the trial of an indictment for keeping and maintaining a tenement used for the illegal sale and keeping of intoxicating liquors, the situation of the tenement and that of the one adjoining, which was also occupied by the defendant, may be such in reference to each other that the use made of the latter is evidence that the former was kept for the illegal sale of intoxicating liquors.

At the trial of an indictment for keeping and maintaining a tenement used for the illegal sale and illegal keeping of intoxicating liquors, it appeared that the defendant had a license of the first class, under the Pub. Sts. *c.* 100, to sell such liquors at premises situated at the corner of two streets ; and the government

introduced evidence tending to show, among other things, that intoxicated persons congregated on the sidewalk at the corner of said streets. The defendant asked the judge to rule " that evidence of drunkenness or disturbance on the street and street corner, not shown to be connected with the defendant, or with the defendant's premises, is not competent to prove violation by the defendant of his license." The judge declined so to rule. *Held*, that the defendant had no ground of exception.

INDICTMENT in two counts. The first count charged the defendant with keeping and maintaining a common nuisance, to wit, a certain tenement at New Bedford, used for the illegal sale and illegal keeping of intoxicating liquors, on January 1, 1885, and on divers other days and times between that day and March 8, 1886. The second count charged the defendant with keeping and maintaining at New Bedford, between the same dates as in the first count, a certain common and disorderly house.

Trial in the Superior Court, before *Brigham*, C. J., who allowed a bill of exceptions, in substance as follows:

It was admitted, on the part of the government, that the defendant held a license of the first class, under the Pub. Sts. *c*. 100, for the sale of intoxicating liquors at the corner of Cannon Street and Water Street in New Bedford, being the premises numbered 107 South Water Street, for one year from May 1, 1885; and it appeared in evidence that the defendant occupied the premises next south of said No. 107, which, however, were not covered by the license.

The government introduced evidence of police officers tending to show sales of intoxicating liquors by the defendant at 107 South Water Street to intoxicated persons; that intoxicated persons were seen in and about said premises; that the sound of voices and noise could be heard within said premises on Sundays; and that intoxicated persons congregated on Sundays and other days on the sidewalk at the corner of said streets.

Evidence was also introduced by the government tending to show resort to the premises next south of said No. 107 on Sundays, and travel in and out the doorway leading to said premises, through a back doorway which was used in common by the occupants of eight or ten tenements above.

Evidence was offered on the part of the defendant, that no violation of the conditions of said license had been committed;

and that there had been no occupation of said premises such as would create a nuisance under either count of the indictment.

Upon the cross-examination of one Anthony, a police officer called by the government, who testified as to the character of the defendant's premises during the past year, and to his familiarity with said premises for eight years previously, the defendant asked the witness, " What was the character of the defendant's premises for which he held a license during the time covered by the indictment, as compared with what it was prior to the defendant's occupation under his license ? " The government objected to this question, and the judge excluded it.

There was considerable testimony offered, both by the government and the defendant, upon the question of whether the conditions of said license had been violated by the defendant, but which it is not now necessary to state.

The defendant asked the judge to rule, that evidence tending to support the second count of the indictment as to the premises of the defendant not covered by his license cannot be applied by the jury to prove a liquor nuisance under the first count at the premises No. 107 South Water Street; and further asked the judge to rule, that, if the jury are satisfied that the defendant's occupation of the premises next south of the saloon No. 107 South Water Street does not constitute a nuisance at common law, then so much of the evidence in the case as applies only to those premises must be disregarded by the jury in considering the charges named in the first count; and further asked the judge to rule, that evidence of drunkenness or disturbance on the street and street corner, not shown to be connected with the defendant, or with the defendant's premises, is not competent to prove violation by the defendant of his license, and must be disregarded by the jury.

The judge refused so to rule, but ruled that the first count of the indictment charged that the defendant, within the time alleged, at New Bedford, kept and maintained a shop in which he made sales of liquor in violation of his license; and that such violations of his license, either one, two, or all of those violations, must be proved beyond a reasonable doubt to warrant conviction.

The judge gave further instructions with regard to the second count of the indictment, which by the verdict become immaterial. The jury returned a verdict of guilty on the first count, and of not guilty upon the second count; and the defendant alleged exceptions.

*W. Clifford*, for the defendant.

*E. J. Sherman*, Attorney General, for the Commonwealth.

FIELD, J. A comparison of the character of the defendant's occupation of the premises while he held a license with that of the occupation of either another person or of himself at some other time, would involve an inquiry into a matter wholly foreign to the case.

The situation of the premises No. 107 South Water Street, and of the premises next south of these, may have been such in reference to each other that the use made of the latter by the defendant was properly some evidence that the former were kept by him for the illegal sale of intoxicating liquors.

The request for a ruling " that evidence of drunkenness or disturbance on the street and street corner, not shown to be connected with the defendant, or with the defendant's premises, is not competent to prove violation by the defendant of his license," must be taken to mean, that the connection must be shown by direct testimony to make the evidence competent. The frequent presence of drunken persons on the street and street corner, if near the defendant's premises, might be evidence, under all the circumstances shown to exist, that these persons obtained the intoxicating liquors of the defendant on these premises. *Commonwealth* v. *Leighton*, 140 Mass. 305.

*Exceptions overruled.*