### COMMONWEALTH *vs.* LUKE NALLY.

Middlesex.    January 27, 1890. — February 25, 1890.

Present: FIELD, DEVENS, W. ALLEN, C. ALLEN, & KNOWLTON, JJ.

*Intoxicating Liquors — Common Nuisance — Evidence.*

At the trial of an indictment on the Pub. Sts. c. 101, §§ 6, 7, for keeping a common
nuisance, it appeared that the defendant's tenement was the southerly half of a
house with a front and a rear entrance, the other half being divided into two
tenements with like entrances; that the defendant was, with his son, in his own
tenement just before it was searched, and that just afterwards the son was seen
in the front door of the front tenement in the northerly part of the house.
Evidence was then offered, that immediately afterwards the son was seen to
throw two bottles of lager beer from a window of the rear tenement in the
northerly half of the house. *Held*, that the evidence was competent.

C. ALLEN, J. This is an indictment for keeping a liquor
nuisance. The defendant's tenement was the southerly half of
a house, and had a front and a rear entrance. The other half
of the house was divided into two tenements, and also had a
front and a rear entrance. The only question now argued is as
to the competency of evidence to show that the defendant's
son was seen to throw two bottles of lager beer from a win-
dow of the rear tenement in the northerly half of the house,
which was not occupied by the defendant. There was evidence

tending to show that the defendant was in his own tenement with his son just before the officers began their search; that one of the officers saw the son in the front door of the front tenement in the other part of the house at a time which we infer was just after he 'had been with the defendant in the defendant's tenement; and at a time which apparently was immediately after this, he was seen to throw the lager beer from the rear window. The jury might well find that he had just left his father's tenement and presence with the lager beer, which he was endeavoring to put out of the way, and might properly connect the defendant with this act.

*Exceptions overruled.*

*H. N. Allin*, for the defendant.

*A. J. Waterman*, Attorney General, *& H. A. Wyman*, Second Assistant Attorney General, for the Commonwealth.