Filed Oct. 15, 1891.

---

No. 243.

## BAKER v. THE STATE.

CRIMINAL LAW.— *Verdict.*— *When will Not be Disturbed.*—*Gift of Liquor.*—*Evidence.*—A judgment in a criminal action will not be disturbed where there is some evidence tending to sustain the verdict on every material point. For a statement of the evidence tending to show a gift of intoxicating liquor on Sunday, to be drank as a beverage, etc., see opinion.

From the Noble Circuit Court.

*L. W. Welker,* for appellant.

*A. G. Smith,* Attorney General, *H. C. Peterson* and *N. Prentiss,* for the State.

BLACK, J.—The appellant was convicted under an indictment in two counts, under section 2098, R. S. 1881, one count charging a sale on Sunday of intoxicating liquor to be drank as a beverage, the other charging the transaction as a gift.

The court overruled the appellant's motion for a new trial.

It is contended on behalf of the appellant that the verdict was contrary to the evidence, which consisted of the testimony of a single witness.

Baker v. The State.

It was shown sufficiently that the witness obtained and drank a glass of whiskey at the appellant's saloon on a Sunday within the period of limitation, and the venue was proved.

It is insisted by the appellant (and this is the only subject of dispute) that the facts in evidence did not constitute either a sale or a gift.

The witness lived in the town, and knew the appellant as the keeper of the saloon at which the witness had got whiskey before. On the Sunday in question he was walking around, and saw the back door of the saloon open and the appellant working outside, at a pump, getting water there, and the witness went into the saloon through the back door. He testified that he did not know whether, when he went in, the appellant was on the outside or the inside; that he had some man in the saloon scrubbing out; that the appellant might have been working around in the saloon, or in it, during the time the witness was in the saloon; that the witness walked around behind the bar and got the whiskey in the back of the bar in the front part of the saloon; that the appellant did not sell him any liquor; that he did not see the appellant at the time he took the whiskey, and said nothing to him about taking it; that he did not know whether the appellant saw him take it or not. He could not say whether the appellant said anything about it or not. He did not know whether he had a right or not; he wanted it, and took a drink, and did not know whether the appellant would care or not. He could not say whether he went out the front way or not. From the saloon he went home.

This court will not reverse upon the evidence a judgment in a criminal action where there is some evidence tending to sustain the verdict on every material point. *Cox* v. *State*, 49 Ind. 568; *Delhaney* v. *State*, 115 Ind. 499; *Van Dolsen* v. *State*, 1 Ind. App. 108.

The witness testified reluctantly and evasively. For answering evasively, he was properly reproved by the court.

It is not necessary to discuss the evidence at length. The jury would hardly conclude that the witness stole the whiskey.

It would not be within the province of this court, upon such evidence, to disturb a finding by the jury that there was a gift. Whether the same might not be said also of a finding that there was a sale, we need not determine.

The judgment is affirmed, with costs.

Filed Oct. 16, 1891.