Wood v. The State.

Filed Jan. 11, 1894.

---

No. 755.

## Wood v. The State.

CRIMINAL LAW.—*Intoxicating Liquors.*—*Selling Without License.*—*Suf-ficiency of Indictment.*—An indictment for selling intoxicating liquor without a license, etc., is sufficient if it follows the language of the statute.

SAME.—*Evidence.*—*Intoxicating Liquor.*—*General Course of Business.*— Where the evidence, in an action for selling liquors without a license, etc., tends to show that such business was continuous, it is proper to show the general course of the business.

SAME.—*Evidence.*— *Statutory Period of Two Years.* — In such case, where the prosecuting witness testified that he was at the fair held at ――― "this last fall," and it appears that it was during this fair that he purchased the liquor, such evidence tends to show that the offense was committed within the statutory period of two years.

SAME.—*Evidence Tending to Support Verdict.*—*Appellate Court Practice.* —The appellate tribunal will not reverse a judgment in a criminal action where there is some evidence tending to support the verdict on every material point.

From the Henry Circuit Court.

*W. A. Brown, J. Brown, W. A. Kittinger* and *L. M. Schwinn,* for appellant.

*A. G. Smith,* Attorney-General, *F. W. Cady* and *D. L. Cady,* for State.

Lotz, J.—The appellant and one Henry Hall were jointly charged with having violated section 5320, R. S. 1881.

The material parts of the information are: "That on the 11th day of August, 1892, at Henry county, Indiana, Henry Hall and Frank Wood did then and there unlawfully sell to Isaac Dwezey one quart of intoxicating liquor, at and for the price of twenty cents, to be drunk, and suffered to be drunk, in the house, out-house, room and hallway appurtenant to said house of said Henry Hall and said Frank Wood, they, the said Henry Hall and Frank Wood, not then and there having a license in force at the time, according to law, allowing and permitting them to sell intoxicating liquor to be drunk, and suffered to be drunk, on the premises where sold."

A motion to quash was overruled.

There was a trial by the court, which resulted in a conviction of the appellant and an acquittal of Hall.

Only two errors are assigned in this court:

1. The overruling of the motion to quash.

2. The overruling of the motion for a new trial.

It is insisted that the information is defective because it does not allege that the liquor was sold to be drunk, or suffered to be drunk, in the house, out-house, room and hallway where said liquor was sold.

The statute provides that "Any person not being licensed according to the provisions of this act * * * who shall sell or barter any spirituous, vinous or malt liquors to be drunk, or suffered to be drunk, in his house, out-house, yard, garden or. the appurtenances thereunto belonging, shall be deemed guilty of a misdemeanor."

The information above set out does not charge directly that the sale of the liquor was made to be drunk, or suffered to be drunk, upon the premises where sold.

Appellant's learned counsel argue that the sale may have been made at one house owned or controlled by the defendant, and the drinking, or suffering to be drunk, may have taken place at another and distinct house or premises owned by him, and that for this reason the charge is indefinite, uncertain, and insufficient to withstand the motion to quash. It will be seen that the statute does not say, in direct terms, that the drinking shall take place on the premises where the sale was made. The information, however, follows the language of the statute in this respect. The general rule is that when an offense is charged in the language of the statute, it is sufficient. *State* v. *Miller*, 98 Ind. 70; *Graeter* v. *State*, 105 Ind. 271.

We think the court did not err in overruling the motion to quash.

On the trial of the cause, the court permitted the State to show, by a witness, Allen C. Spell, that he saw other persons drinking on the premises on other occasions than the one when the prosecuting witness made the purchase, and the court also permitted the State to show by a witness, C. H. Higdon, that he had seen drinking in the hallway referred to by the witnesses during the time of the Middletown Fair.

These rulings of the court were assigned as causes for a new trial. That a sale of intoxicating liquor was made, was an undisputed fact on the trial. There was some evidence tending to show that liquors were in the room on the day when the sale was made; and there was also some evidence which tended to show that a short time before the sale, persons congregated in a hallway near the room where the liquors were kept and the sale made. When there is evidence tending to show a continuous business, it is proper to show the general course of the business. *Commonwealth* v. *Matthews*, 129 Mass. 487;

*Commonwealth* v. *Kennedy*, 97 Mass. 224; *State* v. *Colston*, 53 N. H. 483.

There was no error in admitting this testimony.

Another cause for a new trial discussed by counsel is, that the verdict is not supported by the evidence. It is insisted that there is no evidence whatever to show that the offense was committed within two years before the filing of the information. In this we think counsel are mistaken, as the prosecuting witness stated that he was at the fair held at Middletown "this last fall," and it appears that it was during this fair that he purchased the liquor. This evidence, we think, tends to show that the offense was committed within the statutory period.

It is further contended, with great earnestness, that the evidence fails to show that the defendant sold the liquor to be drunk, or suffered it to be drunk, on the premises where sold; that, on the contrary, it appears from the undisputed evidence that appellant's codefendant forbid the prosecuting witness from drinking the liquor on the premises. It is true the undisputed evidence was, that the prosecuting witness, after the purchase of the liquor (beer), walked to the south end of a hallway leading from or by the room where the liquor was purchased. When near the end of this hallway, he and his companion were making ready to drink the beer from the bottle in which it was contained. The codefendant Hall was sitting on a box, near by, and said to them: "Go on out. I want you to go on out, and not drink that in here; it wont do." They then turned to the west, still in a continuation of the hallway, and there drank the beer from the bottle.

After the beer had been drunk the prosecuting witness returned the bottle to the room where it was purchased and obtained a "nickel" (five cents) in return for it.

Appellant asserts that as this evidence was undisputed, it conclusively appears that the sale was not made for the purpose of being drunk, or suffered to be drunk, on the premises, and that the finding is unsupported by the evidence. Another witness, however, testified that he came up at the time the liquor was being drunk, and that Hall stated to him that "I told them I would rather they would go out and not drink in here." The witness further testified that when Hall made this remark he "smiled and looked pleasant."

The direction given by Hall not to drink the liquor on the premises may have been but a subterfuge for the evasion of the law. Whether or not the hallway where the liquor was drunk was appurtenant to, or a part of, the premises, is a question the trial court was better able to determine than this court.

The trial court had all the witnesses before it, and saw their manner and conduct on the witness stand, and was in a much better position to weigh their testimony than this court. We can not say there was no evidence tending to support the finding. This court will not reverse a judgment in a criminal action where there is some evidence tending to support the verdict on every material point. Baker v. State, 2 Ind. App. 517.

Judgment affirmed, at costs of appellant. '

Filed Jan. 13, 1894.