## J. R. GILMORE v. THE STATE.

### *No. 1075.   Decided February 17th, 1897.*

**1.   Local Option—Proof of Other Sales Than the One Charged.**

On a trial for violation of local option, where defendant, as a witness in his own behalf, had testified, that he had never sold anything except Peruna, since local option went into effect, except on prescription, and he was asked, on cross-examination, if he had not sold liquor since to H., B. and C., and without prescription, to which he answered,that he had sold them no liquor except Peruna.   Held: That inasmuch as he had injected that issue into the case, the State had the right to prove in rebuttal of his testimony, by H., B. and C., that they had each bought intoxicating liquors from him.

**2.   Improper Argument of Counsel.**

In order to avail of improper argument of counsel, objections should be interposed at once, and a request made to the court to instruct the jury to disregard such improper argument; but reasonable deductions from the evidence is not improper argument.

**3.   Local Option—Mistake of Fact—Charge.**

On a trial for violation of local option, where the court, upon the issue, raised by defendant, of mistake of fact, instructed the jury that defendant should use proper care in ascertaining whether the liquor sold by him was intoxicating   Held:   Correct.

**4.   Plea of Defendant Must Appear in the Record on Appeal.**

If the record, on appeal, fails to show that a plea was entered by or for defendant in the court below, the judgment will be reversed; if there was no plea, there was no issue to be tried in the court below.

APPEAL from the County Court of Grayson.   Tried below before Hon. J. H. WOOD, County Judge.

Appeal from a conviction for violation of local option; penalty, a fine of $25, and twenty days' imprisonment in the county jail.

The opinion states the case.

No brief for appellant.

*Mann Trice*, Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted of selling intoxicating liquors, in Precinct No. 4, Grayson County, where local option was in force; hence this appeal.   He reserved a bill of exceptions to the action of the court in permitting the witnesses, Beard, Hanna, and Culver, to testify that they each had bought intoxicating liquors from him. He urged objections to the introduction of this testimony, but, as explained by the court, it was admissible.   In the explanation, the court states that, when the defendant was upon the stand as a witness in his own behalf, his counsel proved by him that he had never sold anything except Peruna since local option went into effect, except on prescription. On cross-examination the State's counsel asked him if he had not sold Hanna, Beard, and Culver liquor since local option had gone into effect, and without prescription.   Defendant answered that he had sold these

parties no liquor without prescription except Peruna—the same kind he had sold Banks, the prosecuting witness in this case; that he had sold these various witnesses Peruna without prescription. Then, in rebuttal, "the State was allowed to prove, over the defendant's objection, that the liquor bought by Beard, Hanna, and Culver without prescription was not Peruna, but was whiskey." In view of the fact that appellant had injected this issue into the case, and had himself testified that he had not sold any intoxicating liquors without prescription except Peruna, the State was authorized to rebut this evidence in the manner permitted by the court. This character of evidence on the part of the State would not have been admissible but for the fact that the defendant raised the issue. Frequently testimony otherwise inadmissible becomes pertinent, or at least admissible, because of the admission of other facts. Under the circumstances of this case, we think the action of the court in admitting this testimony was not error. Appellant objected to the remarks of the State's counsel during his closing argument, which is as follows: "Defendant is charged with selling intoxicating liquors to W. A. Banks. He says he bought whiskey from him which would make a man drunk. Defendant says he sold him Peruna. You know it was whiskey, for Beard, Culver and Hanna swore that defendant sold whiskey to them; and, if he sold whiskey to them, he sold whiskey to Banks." In explanation of this bill, the court says that appellant's exceptions were taken after counsel had made the argument, and had passed to other matters. The objection should be interposed at once when improper remarks are indulged in by counsel, and also the request for instructions of the court to the jury to disregard such improper remarks. But we are of opinion that these remarks of counsel were barely, if at all, an infringement of what might be a proper deduction from the facts introduced in evidence. An exception was taken to the charge of the court because, in reference to the question of mistake of fact, the court instructed the jury that appellant should use proper care in ascertaining whether the whiskey was intoxicating, as a part and parcel of the law of mistake of fact. The charge of the court in this respect is almost a literal reproduction of the statute, and it does not go beyond the provisions thereof. We think the charge of the court was correct, and within proper limits, under the facts of this case. There is one matter not complained of in the record, which necessitates a reversal of the judgment. Under the statute, it is required that the judgment rendered in the case shall contain the plea of the defendant. The judgment in this case does not. Certiorari was not asked for, nor was any step taken to inform this court whether the judgment is correctly transcribed in the transcript. Because the judgment does not show that a plea of the defendant was entered in the court below, there was no issue to be tried by the jury. This has been so often decided in this State that we deem it unnecessary to cite authorities. The judgment is reversed, and the cause is remanded.

*Reversed and Remanded.*