## J. D. PIKE V. THE STATE.

### No. 1732. Decided May 31, 1899.

**1. Local Option—Blackberry Cordial—Relevant Evidence.**

On a trial for violation of local option, where defendant admitted his selling blackberry cordial, evidence upon the issue as to whether it was intoxicating is competent, admissible, and relevant, though it may be weak and remote, that drunken men were seen frequently about defendant's place of business about the time of the sale. [HENDERSON, Judge, dissenting as to this proposition.]

**2. Same.**

On a trial for a violation of local option, alleged to have been committed on Sunday, the 7th day of the month, it was competent and admissible to prove by a witness that he saw the prosecuting witness, to whom the cordial was sold, drunk on a Sunday evening in the early part of said month. The evidence was admissible, and it identified the transaction.

**3. Same—Intent of Defendant.**

The sale of intoxicating liquor in a local option district, except upon prescription or for sacramental purposes, is a violation of the law, regardless of the intent or purpose for which it was sold, and the intent of defendant is irrelevant and immaterial.

**4. Same—Intoxicating Liquors—Definition—Charge.**

On a trial for violation of local option, it is unnecessary for the court in its charge to define the term "intoxicating liquor," because what is meant by the term is commonly known and understood. A charge, however, instructing the jury that, "by intoxicating liquors, is meant any spirituous, vinous, or malt liquors or medicated bitters, or other medicated liquors capable of producing intoxication when used in sufficient quantity," is not erroneous or calculated to injure the rights of the defendant.

**5. Same—Special Instructions.**

On a trial for violation of local option, it was not error to refuse special requested instructions to the effect that if the article sold was not manufactured and sold to be used as a beverage, it was not within the meaning of the local option law, although large quantities might produce intoxication.

**6. Misdemeanor—Exceptions to the Charge of the Court.**

In order to have the charge of the court in a misdemeanor revised on appeal, the error complained of must be presented by bill of exceptions, or properly reserved in the motion for new trial; or a special instruction, covering the supposed error, should have been requested and refused by the court.

**7. Local Option—Intent—Evidence of Other Sales.**

On a trial for violation of local option, evidence as to other sales by defendant than the one charged is admissible on the question of intent.

**8. Same—Evidence Sufficient.**

See facts stated in the opinion upon which it is held that the proof was sufficient that the blackberry cordial sold by appellant was an intoxicant and came within the statute with regard to sales of liquor in local option districts.

APPEAL from the County Court of Bosque. Tried below before Hon. H. C. COOKE, County Judge.

Appeal from a conviction for a violation of local option; penalty, a fine of $25 and twenty days imprisonment in the county jail.

No statement necessary.

*W. F. Schenck* and *Wm. M. Knight,* for appellant.

*H. S. Dillard* and *Robt. A. John,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was indicted and convicted for unlawfully selling intoxicating liquor in violation of the local option law, and his punishment assessed at a fine of $25 and twenty days imprisonment in the county jail.

Appellant's first assignment of error is: "The court erred in permitting the witness Conley to testify, over the objections of defendant, that during the months of July and August, 1898, while defendant had blackberry cordial for sale, the witness frequently saw drunken men about his place of business." We think the testimony was relevant and material. Appellant having admitted selling blackberry cordial to the prosecuting witness, Harris, but denied that it was intoxicating, it certainly would be admissible and proper to prove that numerous parties were seen around appellant's drugstore drunk about the time that appellant admits having sold the blackberry cordial to the witness Harris. Mr. Wharton says, "Relevancy is that which conduces to the proof of a pertinent hypothesis, being that which logically affects the issue." Whart. Crim. Ev., sec. 33. The testimony may be remote, and its probative force weak, but it complies with the simple test of relevancy. Does the fact offered in evidence go to sustain the hypothesis, that is, does it tend to show that appellant sold the intoxicating liquor? Mr. Greenleaf (volume 1, section 50) says that evidence is relevant "if it tends to prove the issue or constitute a link in the chain of proof, although alone it might not justify a verdict in accordance with it." We think the evidence was admissible on the issue as to whether the same was intoxicating. Black, Intox. Liq., sec. 497; Hartgraves v. State (Texas Crim. App.), 43 S. W. Rep., 331; Com. v. Nally, 151 Mass., 63, 23 N. E. Rep., 660; Com. v. Wallace, 143 Mass., 88, 9 N. E. Rep., 5.

Appellant's second assignment is "that the court erred in permitting the witness Conley to testify that he saw Bob Harris drunk on one Sunday evening in the early part of the month of August, 1898." The date of the alleged sale was Sunday, August 7, 1898. The testimony recited in the bill and in the statement of facts contradicts appellant's proof, and shows that the witness testified that he saw the prosecuting witness drunk one Sunday evening in the early part of August, 1898, and late in the evening. The witness states that witness Fred Tidwell was with him. The judge, in his explanation to the bill, states that Tidwell tes-

tified that he was with Harris, the party to whom the cordial was sold, only once at the stable, and states that they drank the liquor bought of appellant. We think the testimony is not only admissible, but very competent, going to show that the prosecuting witness, Harris, was drunk, and clearly identifies the transaction as one and the same transaction.

Appellant's third assignment is "that the court erred in refusing to permit appellant to testify as to his belief and understanding that .the blackberry cordial sold by him was purely a medicinal preparation, the sale of which was not forbidden by the local option law, and that he bought it and sold it as such, without any intention of evading or violating said law, and with the honest belief and understanding that he, or any other person, had a perfect right, as a druggist, to sell it." The gist of this offense is the selling of intoxicating liquor. No other witness testifies, nor does appellant, that he did not know it was intoxicating. No issue of a bona fide mistake of the fact of it being intoxicating is made by him. We think that the sale of intoxicating liquor in a local option district, except upon prescription, or for sacramental purposes, is a violation of the law, regardless of the intent or purpose for which it was sold, and the intent of appellant is irrelevant and immaterial. Black, Intox. Liq., secs. 418, 419; Petteway v. State, 36 Texas Crim. Rep., 97; Phillips v. State, 29 Texas, 226.

Appellant's fourth assignment complains of the court's charge in this particular: "If you believe from the evidence that said blackberry cordial can be used as a beverage, and that when so used in sufficient quantities it will produce intoxication, it is an intoxicating liquor within the meaning of the statute," etc. In the case of Decker v. State, 39 Texas Criminal Reports, 20, the term "intoxicating liquor" is thus defined: "Any liquor intended for use as a beverage, or capable of being so used, which contains alcohol, either obtained by fermentation or by the additional process of distillation, in such a proportion that it will produce intoxication, when taken in such quantities as may be practically drank, is an intoxicant." The court charged the jury: "By intoxicating liquors, as used herein, is meant any spirituous, vinous, or malt liquors, or medicated bitters, or other medicated liquors, capable of producing intoxication when used in sufficient quantity." Under the facts of this case, we do not think that there is any error in the court's charge, such as was calculated to injure the rights of appellant. We held in Taylor v. State (Texas Criminal Appeals), 49 Southwestern Reporter, 590, that it was unnecessary to define the term "intoxicating liquor," because it is commonly understood and known what intoxicating liquors are. Therefore, even if the court's charge, as appellant contends, be inaccurate, we do not think it such inaccuracy as would likely injure the rights of appellant. Black, Intox. Liq., sec. 2; Code Crim. Proc., art. 723 (amended by Acts 1897, p. 17).

Appellant also asked the court to charge the jury as follows: "If the article sold was a medicinal preparation, and was not sold by defendant with the design that it should be used as a beverage, then defendant is

not guilty." And, again, appellant requested this charge: "Not every liquor than can by any possibility produce intoxication is an intoxicating liquor, within the meaning of the local option law. But an intoxicating liquor, the sale of which is forbidden by the local option law, is one that is classified as a beverage manufactured and sold with the intent that it shall be sold as such. A liquor that is not manufactured and sold with the intent that it shall be used as a beverage is not an intoxicating liquor, within the meaning of the local option law, although large quantities of it might produce intoxication." And the charge as contained in appellant's seventh assignment of error is, in substance, the same. Suffice it to say that we do not think that any of the charges presented the law of this case. Petteway v. State, 36 Texas Crim. Rep., 97; Phillips v. State, 29 Texas, 226.

Appellant's tenth assignment complains of the court's charge in that clause defining what is meant by "intoxicating liquors," because it went beyond the evidence, and advised the jury that several articles mentioned in this paragraph were intoxicating liquors, which had no relevancy to the evidence. This is a misdemeanor, and we find no bill of exception in the record as to this matter, nor do we think the exception to the same sufficiently reserved in the motion for new trial, nor was a special charge requested in this particular. Furthermore, upon these matters we do not think the court erred. Code Crim. Proc., art. 723.

Appellant's twelfth assignment complains of the court permitting Davis Tidwell to testify, over the objections of appellant, that, on another and different occasion than the one charged in the indictment, he and Frank McDonald had together bought from defendant a bottle of blackberry cordial, for which they had paid 20 cents. This testimony was admissible on the question of intent. Dane v. State, 36 Texas Crim. Rep., 84; Gilmore v. State, 37 Texas Crim. Rep., 178; Pitner v. State, Id., 268; Myers v. State, Id., 331. The evidence shows that Harris, who bought the liquor, was made drunk by it. The other witness who drank it got dizzy, and his head swam. He was 14 years old, and, without his parents' permission, he took the precaution to remain away from home on the night following the evening he drank it. Various witnesses, including appellant, testified that the blackberry cordial contained 13 per cent. alcohol, and would intoxicate; that it had about the same strength as beer. We think the evidence discloses that the blackberry cordial appellant is charged with selling was an intoxicant, and comes within the letter and spirit of the law prohibiting the sale of intoxicating liquors in local option districts. The judgment is affirmed.

*Affirmed.*

HENDERSON, JUDGE (Dissenting.)—I can not agree to that part of the opinion recognizing the action of the court admitting the testimony of the witness Conley, who was introduced by the State. Over the objections of appellant, the State proved by said witness that during the

months of July and August, 1898, and during the time defendant had blackberry cordial for sale, he (witness) frequently saw drunken men about the defendant's place of business; that, perhaps, it was more common to see them about Phillips' livery stable, but he had frequently seen drunken parties about town, and part of them about defendant's place of business. Appellant objected to this testimony on the ground that it was irrelevant, and did not tend to prove any issue in the case; that the evidence established the fact that the article sold was a bottle of Hughes' blackberry cordial, and the only issue was whether the cordial was an intoxicating liquor or not. I believe that this testimony should have been excluded. On this subject we are referred to Black on Intoxicating Liquors, which cites some Massachusetts cases. The doctrine announced by the text is to the effect that where the prosecution is for illegally selling intoxicating liquors, or keeping a house, denominated a "common nuisance," for the sale of intoxicating liquors, it is admissible to prove the presence of drunken persons in or near the premises of defendant. See Black, Intox. Liq., sec. 497. All the cases referred to, so far as I have examined, are cases where parties were indicted for a common nuisance,—that is, for keeping a house where intoxicating liquors were sold,— and the question was as to the sale, and not as to whether the liquor sold was intoxicating. Here, it seems, the sole question is whether or not the blackberry cordial was an intoxicant. There was no question about its purchase. There is nothing in the bill to show that any of the persons seen about defendant's place of business bought any blackberry cordial from him. For aught we know, these parties may have purchased liquor elsewhere in the town. It can not be presumed that they purchased it at defendant's place, and then presume that it was blackberry cordial, and that that was what made them drunk. I do not believe the testimony was relevant on the issue as to whether the blackberry cordial purchased was an intoxicating liquor, and because the testimony was up a vital issue and calculated to injure appellant I believe the case should be reversed.

[NOTE.—Appellant's motion for rehearing was overruled without a written opinion.—Reporter.]