HERMAN *v.* STATE.

ASBAHR *v.* STATE.

Opinion delivered October 2, 1916.

1.  LIQUORS—ILLEGAL SALE—SUFFICIENCY OF PROOF.—The evidence held sufficient to warrant a conviction of defendant of the crime of selling intoxicating liquor in violation of Act 30, p. 98, Acts of 1915.

2.  LIQUOR—ILLEGAL SALE—EVIDENCE—PRESENCE OF DRUNKEN PERSONS ON THE PREMISES.—Evidence of the presence of drunken persons on or near the premises of the defendants is admissible in a prosecution for the illegal sale of intoxicating liquors.

3.  EVIDENCE—DEPOSITIONS IN CRIMINAL TRIAL.—The deposition of a witness may be read in a criminal prosecution where the witness had departed from the State, but had been present and had testified at the examining trial.

4.  CRIMINAL PROCEDURE—FAILURE TO CHALLENGE WITNESS.—Appellant, in a criminal trial, cannot complain that the court did not disqualify a certain juror, where the appellant had not exhausted his own peremptory challenges.

Appeal from Garland Circuit Court; *Scott Wood,* Judge; affirmed.

*Wallace Davis,* Attorney General, and *Hamilton Moses,* Assistant, for appellee.

1.  The instructions of the court were proper and covered every instruction requested by the appellant.

2.  There was no error in excluding or admitting evidence. The depositions taken in the examining trial were admissible. 29 Ark. 22; 47 *Id.* 185; 60 *Id.* 400. Evidence as to the general character of a place of business, the kind and character of patrons and the presence of drunken people is always admitted in cases like this. 8 Ruling Case Law, 205; 24 Am. Rep. 69; 1 Greenl. Ev. § 108; 23 Ark. 282.

3.  There was no irregularity in the selection of the jury. Kirby's Digest, § 2348, 4510-11. Defendant had not exhausted his peremptory challenges. 91 Ark. 582; 93 *Id.* 168; 97 *Id.* 132-3. Jurors Riley and Willoughby were competent. 79 Ark. 127; 85 *Id.* 64; 84 *Id.* 241; 80 *Id.* 13; 103 *Id.* 21.

4.   The evidence sustains the verdict and conclusively establishes appellant's guilt.

HART, J.   W. C. Herman and Louis Asbahr were each indicted for the crime of selling intoxicating liquors or being interested in the sale thereof under Act number 30 of the Acts of the Legislature of 1915.   (See Acts of 1915, p. 98 )

The defendant in each case was convicted and from the judgment of conviction has duly prosecuted an appeal to this court.   The material facts in the two cases are the same and one opinion will serve in both cases.

Prior to the 1st of January, 1916, Louis Asbahr and W. C. Herman operated a saloon at the corner of Central and Spring Streets in the City of Hot Springs, Arkansas. After the 1st of January, 1916, they operated at the same place what they called a soft drink stand, restaurant and carbaret, known as the A. & H. place.

An officer of the City of Hot Springs testified that he saw persons go in the place and come out of there in an intoxicated condition.   It was also shown by other witnesses that intoxicated persons were seen there after the 1st of January, 1916.   Tom Jordan was barkeeper for Asbahr and Herman prior to the 1st of January, 1916, and after that he continued to work for them at the same place.

B. W. Scott testified that he was familiar with the place and that after January 1st, 1916, he bought a pint of whiskey at the place of Asbahr & Herman, but he did not buy the whiskey from Asbahr, Herman or Tom Jordan; that he knows he bought it in their place; that he bought a pint of whiskey and gave forty cents for it; that he first asked Louis Asbahr for the whiskey and that Asbahr told him there was nothing doing; that another person came to him and sold him the whiskey.

Nellie Blair testified that during the latter part of January, 1916, she went into the A. & H. place in Hot Springs with a man named Smith; that they ordered ginger ale several times and that there was whiskey in it; that she knew the taste of whiskey and could say that

there was whiskey in the ginger ale; that the drinks were served by a colored porter and that the money for them was paid to him; that there was dancing and music going on.

George Watts testified that he became intoxicated in the place of Asbahr & Herman sometime about the first of the year, but that he thought it was prior to the 1st day of January, 1916; that he got drunk on beer and that Dave Young, an officer, came and admonished him and his companion to keep quiet. On cross-examination he testified that he had not bought any intoxicating liquors in the place since January 1st, 1916.

Dave Young testified that he was an officer in the City of Hot Springs and knew George Watts; that in February, 1916, it was reported to him that there was a drunk man at Asbahr & Herman's place and that he went down there and found George Watts drunk; that some sporting women frequented the place; that he arrested two of them for drunkenness there.

Johnnie McKinley testified that she went to the A. & H. place after the 1st of January, 1916, and was told by one of the employees that she could get whiskey by ordering a soft drink with lemon in it; that she made that kind of an order and got a drink with what she thought had intoxicating liquors in it.

Earl Fogelson testified that he went into the A. & H. place after the first of the year and called for hot ale; that whiskey was served to him and his companion and they each had two drinks costing fifty cents in all; that Tom Jordan waited on them. It was also shown that a supply of whiskey and beer was found in a room next to the place occupied by Asbahr & Herman. The room was in the same building and was controlled by Asbahr & Herman.

(1) Each of the defendants denied his guilt and testified that he was not directly or indirectly interested in the sale of intoxicating liquors in the City of Hot Springs after the 1st of January, 1916. Evidence was also introduced tending to impeach some of the principal witnesses for the State. The above testimony was suffi-

cient to establish the guilt of both Asbahr and Herman. They were partners engaged in the sale of intoxicating liquors in the City of Hot Springs prior to the 1st of January, 1916. They continued in business there after the first of the year without making any change whatever in their bar fixtures. They ostensibly ran a soft drink place and a cabaret. Each of the partners stayed in the place of business and helped run it. They kept their old barkeeper, Tom Jordan. The testimony this far is undisputed.

Other witnesses testified that they went into the place and ordered soft drinks and were served with drinks containing intoxicating liquors.

One of the witnesses testified that he was served with a drink mixed by Tom Jordan. Drunken people were seen in the place after they had been drinking something there. It is true defendants deny that they had any knowledge that intoxicating liquors were being sold at their place of business, but the testimony recited above was sufficient to warrant the jury in finding that intoxicating liquors were sold at their place of business and that they were interested in the sale thereof.

(2)  There was no error in admitting before the jury testimony to the effect that drunken people were seen in the place. This evidence was competent as tending to show that intoxicating liquors were in the drinks that were served to the patrons of the place. Evidence of the presence of drunken persons on or near the premises of the defendants is admissible on a prosecution for the illegal sale of intoxicating liquors. Black on Intoxicating Liquors, section 497; *Commonwealth* v. *Wallace* (Mass.), 9 N. E. 5; *Commonwealth* v. *Kennedy*, 97 Mass. 224; *People* v. *Berry* (Mich.), 65 N. W. 98.

No brief was filed on behalf of the defendants but we have carefully examined the instructions given by the court and they fully and fairly submitted to the jury all the issues raised by the evidence in the case.

(3)  The depositions of Johnnie McKinley and Earl Fogelson, who testified in the examining court as witnesses in each case, were read to the jury at the trial in the cir-

cuit court. Objection was made to the reading of the depositions. The State proved that subpoenaes had been issued for these witnesses to appear in the circuit court; that the sheriff of Garland County had made diligent inquiry for them and reported that both of the witnesses had departed from the State since the trial in the justice's court. It was also shown that the witnesses lived in other States and that one of them, at the examining trial, had announced an intention of returning there. Under these circumstances there was no error in permitting the depositions to be read before the jury. *Sneed* v. *State,* 47 Ark. 185; *McNamara* v. *State,* 60 Ark. 400.

(4) In the Herman case the record shows that certain jurors were challenged for cause and the court overruled the challenge of the defendant. We need not set out the facts upon which this assignment of error is based because the defendant could have protected himself against the alleged error by peremptory challenges before the completion of the jury. The record shows that he did not exhaust all his peremptory challenges. If all the talesmen had been challenged by him, and he had been forced to accept a juror without the privilege of exercising his right of peremptory challenge, he might have cause to complain, but he has voluntarily taken his chance of acquittal at the hands of jurors whom he might have rejected and he must abide the issue. *York* v. *State,* 91 Ark. 582; *Bowman* v. *State,* 93 Ark. 168; *Johnson* v. *State,* 97 Ark. 132

The judgment in each case will be affirmed.