State *v.* Fierline.

---

THE STATE, Defendant in Error, *vs.* FIERLINE, Plaintiff in Error.

1. On the trial of a party indicted for selling liquor in less quantity than one quart without a license, evidence that he had sold at a time different from that charged in the indictment was held inadmissible for any purpose.

*Error to Cole Circuit Court.*

*Parsons*, for plaintiff in error.
*Gardenhire* (attorney general,) for the State.

SCOTT, Judge, delivered the opinion of the court.

This was an indictment for selling beer in less quantities than a quart, to be drank at the place of sale, without license.

State *v.* Fierline.

On the trial, a witness testified that he did not recollect of having bought, or of having seen any one buy beer at defendant's house, within one year previous to the finding of the indictment. The State then asked the witness, '' have you ever seen, in your whole life, any beer bought at the defendant's house.'' This question was objected to, but the objection was overruled, and the defendant excepted. The witness then answered the question in the affirmative.

The testimony against the defendant not being positive, the court, among other instructions, was requested to direct the jury that, if from the evidence, they have a reasonable doubt of the defendant's guilt, they will acquit him. This the court refused to give, but instructed the jury that, if they believe from the evidence, that the defendant is guilty, they will find him so ; if they believe from the evidence that he is not guilty, they will so find ; and if they are unable to find from the evidence whether he is guilty or not, they will acquit. The defendant was found guilty.

1. We are of opinion, that the court should not have permitted the question to be put to the witness. The obvious effect of the answer was to prejudice the defendant's cause, by the introduction of improper evidence. It was convicting him of one offence by proving that he had previously committed a like offence. The impropriety of such a question becomes glaring, if we but suppose it to be asked on trials for the higher offences. A witness on the trial of one charged with murder would not be permitted to testify that a like crime had been formerly committed by the accused. It may be said, that the question was put with no such view, but was a mode of examination adopted in order to wring the truth from an unwilling witness. We cannot deal with the motives which prompt questions ; we only look at the effect of the answers they produce. When a fact to be obtained by a question is inadmissible, the question should not be asked, whatever may be the motive which prompts it. Much latitude is allowed in examining an unwilling wit-

ness, but care should be taken that no questions be asked, the answers to which would be inadmissible evidence.

The substitute given by the court for the instruction asked, did not cover the ground of the refused instruction; the evidence in the cause not being conclusive, it was a fair one for the instruction that was asked.

Judge Ryland concurring, the judgment will be reversed, and the cause remanded; Judge Gamble absent.