## COMMONWEALTH *vs.* ALEXANDER CRAWFORD.

An assistant clerk of the Municipal Court of the city of Boston has authority to attest copies of the record to be transmitted to the Superior Court.

At the trial of a criminal complaint on appeal from a municipal court, the fact that the jury take with them to their room an attested copy of the complaint, but not of the record of the proceedings of the municipal court, furnishes the defendant no ground of exception.

COMPLAINT to the Municipal Court of the city of Boston, for unlawfully keeping intoxicating liquors with intent to sell. The defendant was convicted and appealed. The copies of the complaint and of the record of the proceedings in the Municipal Court, transmitted to the Superior Court, were attested by an assistant clerk of the Municipal Court.

At the trial in the Superior Court, before the jury was empanelled, the defendant moved to dismiss the complaint, because the requirements of law as to the proceedings on appeal in criminal cases had not been complied with, but *Brigham*, C. J., overruled the motion.

When the jury retired they took with them only the copy of the complaint; and the verdict of guilty, which they returned, was entered on this copy.

The defendant then moved in arrest of judgment, because the copies of the complaint and of the record of proceedings in the Municipal Court were not properly certified; because the jury did not have before them "any properly authenticated copy of the offence charged and proceedings on appeal;" and because the verdict was rendered and entered on an insufficient and irregular paper improperly before the jury. The judge overruled the motion, and the defendant alleged exceptions.

*J. W. Mahan*, for the defendant.

*C. R. Train*, Attorney General, for the Commonwealth.

BY THE COURT. 1. There is nothing in the bill of exceptions to show that the proper papers were not transmitted to the Superior Court, as required by the St. of 1862, *c.* 217, § 3.

2. The papers transmitted were properly attested. It is within the scope of the powers conferred by the statutes upon the assist-

ant clerks of the Municipal Court, for them to attest the papers transmitted to the Superior Court.

3. There was no error in allowing an attested copy of the complaint to go to the jury. The defendant certainly was not injured by allowing such copy to go to the jury instead of a full copy of the papers containing a record of his conviction and sentence in the court below.              *Exceptions overruled.*