COMMONWEALTH *vs.* HENRY C. NASH.

Hampden. Sept. 25. — Oct. 6, 1883. FIELD & W. ALLEN, JJ., absent.

At the trial of a complaint for the illegal sale of intoxicating liquor, the evidence tended to show a sale of such liquor on Sunday in the bar-room of the defendant's hotel by a clerk in his employ. The defendant testified that the sale was made without his knowledge and against his instructions. On cross-examination, the government asked the defendant if he did not pay a fine imposed on his clerk for a sale made on the previous Sunday; to which he replied that he "loaned him the money to pay it." *Held*, that the defendant had no ground of exception to the admission of the question and answer.

The fact that, at the trial of a criminal case on appeal in the Superior Court, a copy of the record of the lower court went to the jury with the other papers in the case, by inadvertence, does not entitle the defendant to a new trial as of right.

MORTON, C. J. The complaint in this case charges the defendant with the illegal sale of intoxicating liquor. At the trial, the evidence tended to show that on Sunday, November 19, 1882, intoxicating liquor was sold in the bar-room of the defendant's hotel by one Allen, who was a clerk in the defendant's employ. The defendant testified that the sale by Allen was made without his knowledge and against his instructions. On cross-examination, the government asked the defendant if he did not pay a fine imposed upon Allen for a sale made on the previous Sunday, to which he replied that he "loaned him the money to pay it." The defendant excepted to the admission of the question and answer.

In the wide latitude allowable in cross-examination, we are of opinion that the question and answer were admissible. If the

jury believed that Allen sold liquor on the premises on the previous Sunday without disapproval by the defendant, this would have a tendency to show that the sale complained of was with the assent and authority of the defendant. The fact that the defendant furnished the money to pay Allen's fine, connected with the fact that he continued Allen as his clerk, tends to show that the sale for which the fine was imposed was assented to by the defendant. It was for the jury to say whether they believed that he lent the money to Allen. The evidence objected to tends to show the real relations between the parties, and to discredit the testimony of the defendant.

The fact that a copy of the record of the Police Court of Springfield went to the jury with the other papers in the case, by inadvertence, does not entitle the defendant to a new trial as of right. If the jury read it, the defendant could not have been prejudiced. The only fact disclosed by it was that the defendant had been convicted in the Police Court, a fact which the jury already knew, since otherwise the case could not be before them for trial on appeal. But even if the paper was one which might influence the jury, it would not furnish a ground for a new trial, if the presiding justice was satisfied that it had not been read by them. *Hix* v. *Drury*, 5 Pick. 296. For aught that appears in this bill of exceptions, the court may have overruled the motion for a new trial because the record was not read by the jury.                          *Exceptions overruled.*

*E. H. Lathrop*, for the defendant.

*E. J. Sherman*, Attorney General, for the Commonwealth.