## COMMONWEALTH *vs.* JOHN KEENAN.

Suffolk. Nov. 23, 1885. — Jan. 8, 1886. DEVENS & GARDNER, JJ., absent.

The word "judgment" in the Pub. Sts. c. 154, § 61, requiring the clerk of the Municipal Court of the city of Boston, when an appeal is taken in a criminal case to the Superior Court, to transmit a copy of the judgment, means the substance of the complaint and the judgment entered upon it.

At the trial of a complaint, on the Pub. Sts. c. 57, § 5, alleging that the defendant had in his possession adulterated milk, to wit, milk containing less than thirteen per cent of milk solids, with intent to sell the same, the only issue on the question of adulteration was whether the milk contained less than thirteen per cent of milk solids or more than eighty-seven per cent of water; and the jury were fully instructed as to what would constitute an adulteration under the statute. When the jury retired to make up their verdict, a paper was given to them, which purported to be, and was, a true copy of the complaint, except that the word "thirteen" was written "thirtee." After a verdict of guilty, the defendant, who then first learned of the clerical error in said paper, moved to set aside the verdict, and for a new trial, upon the ground that the paper was improperly given to the jury; but this motion was overruled. *Held,* that the defendant had no ground of exception.

COMPLAINT to the Municipal Court of the city of Boston, on the Pub. Sts. c. 57, § 5, alleging that the defendant, on July 12, 1884, at Boston, had in his possession one pint of adulterated milk, to wit, milk containing less than thirteen per cent of milk solids, with intent to sell the same. Trial in the Superior Court, before *Barker*, J., who allowed a bill of exceptions, in substance as follows:

There were only two issues presented for the consideration of the jury: first, as to whether or not the milk in question contained less than thirteen per cent of solids or more than eighty-seven per cent of water; and second, whether or not it was in the possession of the defendant.

The judge fully instructed the jury as to what would constitute an adulteration under the statute, and also what would be a possession by the defendant; and to these instructions no exceptions were taken.

There was given to the jury, when they retired to consider and make up their verdict, a paper which purported to be a copy of the original complaint, and which was a true copy of the complaint, except that the word "thirteen" in the original appears as "thirtee" in the copy given to the jury.

No other paper was given to the jury during any part of the case, or when they retired to deliberate and make up their verdict. Neither the defendant nor his counsel had any knowledge, at the time of the delivery of said paper to the jury, that it was not a copy of said judgment.

After a verdict of guilty, the defendant for the first time learned of the fact of said paper having gone to the jury, and filed in court a motion to set aside the verdict, and for a new trial, because said paper was improperly given to the jury.

At the hearing on this motion, no evidence was introduced that said paper had or had not influenced the members of the jury, or been read by them.

The judge overruled the motion; and the defendant alleged exceptions.

*C. F. Paige*, for the defendant.

*H. N. Shepard*, Assistant Attorney General, (*E. J. Sherman*, Attorney General, with him,) for the Commonwealth.

FIELD, J. The motion for a new trial was addressed to the discretion of the Superior Court, unless, upon the admitted facts, the defendant was entitled, as matter of law, to a new trial. *Nichols* v. *Nichols*, 136 Mass. 256.

By the words "a copy of the judgment," in the Pub. Sts. *c.* 154, § 61, is meant such a copy of the record as includes the substance of the complaint, and the judgment entered on it; a copy of the judgment without the substance of the charge would be unintelligible. An attested copy of the complaint was properly allowed to go to the jury. It seems that it is the practice to send up a copy of the complaint, in addition to the substance of the charge which is contained in the copy of the judgment, in order that this copy of the complaint may be given to the jury,

and that the jury may not be prejudiced by the judgment of the court below. *Commonwealth* v. *Crawford,* 111 Mass. 422. See *Commonwealth* v. *Nash,* 135 Mass. 541.

The exceptions find that the " court fully instructed the jury as to what would constitute an adulteration under said statute," to which no exceptions were taken; and that the only issue on adulteration was " whether or not the milk contained less than thirteen per cent of solids or more than eighty-seven per cent of water." By " solids " was of course meant milk solids, and by " water " watery fluid.

It cannot be presumed, without evidence, that the jury would take the law from the copy of the complaint, and not from the court, or that, if they read the copy of the complaint, they would not detect the mistake of writing " thirtee " for " thirteen." The court below, in overruling the motion, must have been of the opinion that the defendant had not been prejudiced; and the mistake has no such tendency to mislead the jury that, as matter of law, a new trial should be granted.  *Exceptions overruled.*