STATE OF MISSOURI, Respondent, v. E. D. ROBERTS, Appellant.

**Kansas City Court of Appeals, February 4, 1889.**

1. **Evidence of Other Offenses:** ADMISSIBILITY OF. On the trial of an indictment against a physician for issuing a prescription in violation of the act of March 24, 1887, it is error to admit evidence of the issuance of other prescriptions by the defendant about the same time, when there is nothing to indicate that such other prescriptions were not issued in the utmost good faith and in answer to pressing necessity.

2. ——— : DISTINCT OFFENSES : GOOD FAITH. Nor is such evidence admissible to show distinct offenses. The question is one of good faith in the instance charged, and anything that properly tends to prove a want of good faith is admissible, though it incidentally disclose other offenses.

*Appeal from the Cedar Circuit Court.*—HON. D. P. STRATTON, Judge.

REVERSED AND REMANDED.

*James Masters,* with *R. N. Banister,* for appellant.

(1) The introduction of oral or other evidence to show how many prescriptions the defendant issued to other parties than the witness, Thomas Perry, on the day charged, or from first to ninth of the same month, is wholly immaterial and irrelevant and if tending to show anything, only the commission of other offenses, in order to establish the one at bar. See text-books and other familiar authors on the subject. (2) The matter of good faith is left with the patient and the physician prescribing for him, and any effort to introduce outside oral testimony to show that the patient was not sick, or

that the physician acted in bad faith, is irrelevant and simply setting up the judgment of one person against another, and not warranted by law.    See familiar authors on the subject.    (3) It was admitted upon the trial of the cause that defendant was a first-class, legally practicing physician, and in good standing as such.    We therefore insist that his professional judgment cannot be placed in issue.

No brief for respondent.

ELLISON, J.—Defendant, a physician, was convicted on an indictment under act of March 24, 1887 ( Laws 1887, p. 214) for issuing the following prescription, to-wit:

"Take this to
Jas. L. Mitchell,
Druggist and Pharmacist,
Stockton, Missouri.

For T. B. Perry.   1 Spts Fermenti, O. S. S. Strictly for Medical use.

E. D. ROBERTS, M. D.

No. 1461.   Date 10–11, 1887."

On trial the state introduced Jas. L. Mitchell, whose, testimony tended to show that "the defendant had issued thirty or thirty-five other prescriptions to other parties about the time of the one to witness, Thomas Perry." The state then introduced D. White, whose testimony tended to show "that said White sent his brother to defendant and procured a prescription." The state then introduced R. A. Brown who testified as to "the number of prescriptions the defendant issued and was filed at his drug-store for whiskey to other parties than witness, Thomas Perry." This testimony was objected to on the ground that proof of other offenses ought not to be admitted in a trial for this specific offense, and that it was irrelevant to the issue.

The evidence was admitted and is assigned for error.   I think the objection was well taken and that the testimony should have been excluded.   There is nothing in the case to indicate but that the prescriptions to other parties might have been issued in the utmost good faith and in answer to the demand of a pressing necessity. But if the object was to prove distinct offenses, it would still be inadmissible.   *State v. Fierline*, 19 Mo. 380 ; *State v. Harrold*, 38 Mo. 496 ; *State v. Goetz*, 34 Mo. 85 ; *State v. Daubert*, 42 Mo. 242.   The question is one of good faith on the part of the physician in the instance for which he is charged and anything which will properly tend to prove a want of good faith in issuing that particular prescription would be admissible, even though in making such proof it incidentally showed other offenses.

The indictment was sufficient.   The judgment is reversed and the cause is remanded.   All concur.