THE STATE OF MISSOURI, Respondent, v. FRED YOCKEY, Appellant.

Kansas City Court of Appeals, April 25, 1892.

Selling Liquor to Minor: EVIDENCE: OTHER OFFENSE. In the prosecution for selling liquor to a minor, the testimony should be confined to the sale to the minor named in the indictment, and when there is no evidence of such sale there can be no conviction.

*Appeal from the Vernon Circuit Court.*—HON. D. P. STRATTON, Judge.

REVERSED.

*J. B. Johnson,* for appellant.

The indictment is for selling to one Ed. Miller; as to a sale to such a party there is not one iota of evidence, and sales to other parties will not support this indictment. *State v. Hay,* 36 Mo. 80. But take it for granted the party intended was Ed. Miller, the only evidence in regard to him is this question and answer: "Do you know Ed. Miller? *A.* I don't know that I do." How a conviction can be supported on such evidence we cannot understand. We are not asking the court to review or weigh the evidence, but to say there was no evidence on which to predicate a judgment.

ELLISON, J.—This proceeding appears from the transcript to be based on an information against the defendant for selling "one glass of beer to one ———, a minor under the age of twenty-one years, without the written permission so to do of the parent, master or guardian of said ——— first had and obtained, contrary," etc.

The abstract of the record presented by counsel shows the case to be based on an *indictment* by the grand jury, in which defendant is charged with selling "one glass of beer to one Ed. Miller, a minor under the age of twenty-one years, without the permission so to do of the parents, master or guardian of said Ed. Miller, first had and obtained, contrary," etc. Defendant was convicted.

There was a motion for new trial and in arrest of judgment. The latter motion contained among other reasons, the following: "That the law under which the indictment herein was drawn is unconstitutional and void, for that it makes the principal criminally liable for the acts of his agent." The case was appealed to the supreme court. That court transferred the cause here, sustaining the motion of the attorney general for its transfer, which set up as the only reason that the case "does not present any question involving the construction of any provision of the constitution of this state or of the United States."

One of the principal points made for reversal is that there is no evidence whatever to sustain the case. We think the point well taken. The testimony does not refer to the minor, Ed. Miller, directly or indirectly. There is some testimony going to show a sale to one *Hubert* Miller, but even he was not proven to be a minor. While the latter was being examined as a witness the following admission was made: "Defendant admits that the liquor, if sold, was so sold without the written permission of the witness' parents or guardian." This admission did not show the witness was a minor. The testimony should be confined to the sale to the minor named in the indictment.

The judgment is reversed and defendant discharged. All concur.