## COMMONWEALTH *vs.* THOMAS D. TATE.

Worcester.    November 26, 1900. — March 1, 1901.

Present: HOLMES, C. J., KNOWLTON, BARKER, HAMMOND, & LORING, JJ.

At the trial on a complaint for keeping intoxicating liquors with intent unlawfully to sell the same, it appeared that the defendant was a retail druggist licensed as a pharmacist and also holding a liquor license of the sixth class authorizing him to sell intoxicating liquors for medicinal, mechanical and chemical purposes not to be drunk on the premises. Officers, entering the defendant's premises on a Sunday, found a number of men in a back room connected with the defendant's drug store, several of them having bottles of beer in their hands, and in a closet of the same room which was unlocked by the defendant were found a washtub containing a large piece of ice and in the water surrounding it twenty-seven bottles of beer, and in a refrigerator eighteen more bottles of beer, and there were in all in the closet about fifty-one gallons of beer in four hundred and ten bottles and two hundred and sixty empty beer bottles, one and a half gallons of whiskey in three jugs and thirty gallons of whiskey in a barrel, one quart of wine, two gallons of rum, one gallon of gin, and one pint of sherry, also on top of one of the barrels a tumbler and a glass. *Held*, that there was sufficient evidence to warrant the jury in finding that the defendant kept intoxicating liquors with intent unlawfully to sell the same.

If a defendant in a criminal case which comes to the Superior Court on appeal has a right to have a separate copy of the complaint against him in the court below go to the jury without the judgment entered on it, in order that his case may not be prejudiced by the jury's knowing of his conviction in the court below, this practice is sufficiently complied with by giving the jury a copy of the complaint and record of conviction with a blank paper pasted over the record of conviction.

COMPLAINT for keeping intoxicating liquors with intent unlawfully to sell the same, received and sworn to July 15, 1900.

At the trial in the Superior Court, before *Stevens*, J., it appeared that the defendant was a retail druggist at Clinton, licensed as a pharmacist and also holding a liquor license of the sixth class, authorizing him to sell intoxicating liquors for medicinal, mechanical and chemical purposes not to be drunk on the premises.    The premises consisted of two rooms, the front room being an ordinary drug store equipped as such.    The rear of this front room was somewhat elevated, being reached by two or three steps, and there was what was described as a prescription desk.    From the portion of the room so set apart for the prescription desk a door opened into another room in the rear.

One corner of this room was partitioned off in the form of a closet. On Sunday, July 15, 1900, several police officers entered the premises under a search warrant and found there the condition of things described in the opinion of the court.

At the conclusion of the Commonwealth's evidence, the defendant rested and offered no evidence but submitted the following requests for rulings:

1. That upon the entire evidence, the jury are not warranted in finding a verdict of guilty, and the defendant must be acquitted. 2. That there is no evidence to warrant a finding by the jury of any illegal sale of intoxicating liquors. 3. That upon the occasion of the visit of the officers there is no evidence to warrant a finding that any sale of liquors was made by the defendant. 4. That evidence of a sale without competent evidence tending to prove such sale illegal, cannot be taken to the prejudice of the defendant as tending to prove his guilt on this complaint. 5. That the mere possession of liquors by the defendant is no evidence tending to prove his guilt on this complaint. 6. That under the licenses of the defendant, put in evidence, the defendant had a right to keep and expose liquors for sale, and unless it be proved by competent evidence that the defendant kept such liquors for prohibited or unlawful use he cannot be convicted. 7. That the mere keeping of liquors is no evidence of guilt of the defendant, the government must prove by some competent evidence of sales an unlawful intent of the defendant, and to establish such intent that actual sales by the defendant or some one for whom he is responsible have been made, showing that such sales were made by the defendant actually knowing or believing that the liquors were bought for an illegal purpose. 8. In order to prove that the defendant has made an illegal sale of intoxicating liquor, the government must prove not only that the liquor was really bought for an unauthorized purpose, but also that it was sold by the defendant with guilty knowledge or belief.

The judge refused to give the rulings numbered 1, 2 and 3, and among other instructions instructed the jury as follows:

That " the mere keeping of intoxicating liquors by the defendant was no evidence of his guilt, unless they were kept in such a way, under such circumstances, or in such quantities as to be in-

consistent with use under his license. That is to say, he had a right to keep liquors on his premises for the purpose of using them under the provisions of his license, but he had not a right to keep them there for any other purpose, and he is guilty under this complaint if you are satisfied that he kept them there for the purpose of illegal sale. He has no right under his license to sell them to people resorting there for a beverage. . . .

" That under the license the defendant had a right to keep and expose liquors for sale upon the premises where they were found, and unless it be proved by competent evidence that the defendant kept such liquors for unlawful use, he cannot be convicted.

" In order to prove that the defendant has made an illegal sale of intoxicating liquors, the government must prove not only that the liquors were bought for an unauthorized purpose, but that they were sold by the defendant with guilty knowledge and belief. That is to say, not only must there have been an illegal intent on his part when he sold the liquors, but there must have been an illegal intent upon the part of the person who purchased them.

" The mere possession of liquors by the defendant is no evidence tending to prove his guilt on this complaint. I have given you that instruction substantially, gentlemen ; I give it to you now in connection with that. Unless they are kept in such a manner, in such quantities as to lead you to believe and to satisfy you that they were kept for an illegal purpose."

No exception was taken to the charge except in so far as the instructions to the jury were inconsistent with the defendant's requests for rulings. To the refusals to give the specific requests asked for, and to the instructions as given inconsistent therewith, the defendant excepted.

After the charge of the judge and before the jury retired, the defendant objected to the complaint and record of his conviction going to the jury. The judge thereupon suggested that the jury might consider the case without their taking the complaint or the record of conviction to the jury room. But to this the defendant objected on the ground that the jury could not return a verdict without having the complaint before them in the jury room, and insisted that the complaint must go to the jury. The

judge thereupon directed the clerk to paste a paper over the record of conviction of the defendant on the back of the complaint, so that that part of the record could not be read by the jury.   To this the defendant objected, but the judge, subject to the exception of the defendant, directed the clerk as above, and the clerk did as directed; and the complaint, with the blank paper pasted over the record of conviction, was delivered to the jury, who took it to the jury room.

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*H. Parker & D. I. Walsh,* for the defendant.

*R. Hoar,* District Attorney, *& G. S. Taft,* Assistant District Attorney, for the Commonwealth.

LORING, J.   In this case the government introduced evidence that the defendant was a druggist, and that on a certain Sunday in the middle of July several officers entered the prisoner's premises under a search warrant and found, in a room which was a part of those premises and which was back of the room used as a drug store, a number of men, several of whom had bottles containing lager beer in their hands; that in the corner of this room there was a closet, which was unlocked by the prisoner, and in it the officers found a washtub containing a large piece of ice, some water, and twenty-seven bottles full of lager beer; and also a refrigerator in which were eighteen more bottles of beer.   That in this closet there were in all about fifty-one gallons of beer in four hundred and ten bottles, full or partly empty, two hundred and sixty empty beer bottles, one and one-half gallons of whiskey, in three jugs, thirty gallons of whiskey in a barrel, one quart of wine, two gallons of rum, one gallon of gin, and one pint of sherry; and also that on top of one of the barrels there was a tumbler and a glass something like a " Moxie " glass.

This was sufficient evidence to warrant the jury in finding that the prisoner kept intoxicating liquors with intent unlawfully to sell the same.   *Commonwealth v. Berry,* 109 Mass. 366, and cases there cited.   *Commonwealth* v. *McNeese,* 156 Mass. 231.

In this case, the government contended that the jury would be warranted in finding on these facts that the beer in the hands of the persons found in the room had been illegally sold.   We think that contention was right.   Though the prisoner was on the

other side of the door when the officers entered, we think the jury were warranted in finding that the beer in the bottles found in the hands of the men when the officers entered had been delivered to them to be used as a beverage with the prisoner's knowledge, and being delivered in a store, the jury were warranted in finding that it had been illegally sold. *Commonwealth* v. *Mandeville,* 142 Mass. 469.

The prisoner's seventh request was sufficiently complied with by the instructions given by the court. *Commonwealth* v. *Canny,* 158 Mass. 210.

Even if the prisoner had a right to what is given him by the practice referred to in *Commonwealth* v. *Keenan,* 140 Mass. 481, in submitting to the jury a separate copy of the complaint, so that his case will not be prejudiced by the jury's knowing what the judgment of the lower court was (which we do not intimate to be the case) he cannot complain of the action which was taken in the case at bar.

*Exceptions overruled.*