THE STATE OF MISSOURI, Defendant in error, v. GEO. M. SEIGENTHALER, Plaintiff in Error.

Kansas City Court of Appeals, November 5, 1906.

1. **LOCAL OPTION:** Adoption. The case of the State v. Foreman is followed as to the validity of the adoption of the local option law.

2. **SELLING LIQUOR:** Evidence: Cross-Examination: Other Sales. The State confined its case to one sale. The defendant's witnesses directly contradicted the State's and on cross-examination one was asked, "Did you not at various times during the summer, go to defendant's and get liquor?" *Held*, the question was *too broad* and served to prejudice the defendant before the jury and a general objection was sufficient. [Cases cited and considered.]

Error to Harrison Circuit Court.—*Hon. Paris C. Stepp,* Judge.

REVERSED AND REMANDED.

*J. C. Wilson* and *Peery & Lyons* for plaintiff in error.

(1) The cross-examination of defendant's witnesses Hogan and Gillespie was improper and the overruling of defendant's objections to it, was reversible error. The whole tenor and purport of the cross-examination of these two witnesses by the prosecuting attorney was to show the defendant's guilt of the offense on trial, by showing that he had at other times sold whiskey, and that he kept it for sale—whether legally or illegally does not appear. This character of evidence has been

expressly held to be incompetent both by this court and the supreme court, and its admission to be reversible error. State v. Firline, 19 Mo. 380; State v. Roberts, 33 Mo. App. 524; State v. Spray, 174 Mo. 569. (2) This class of evidence being incompetent for any purpose in the case a general objection to it was all that was necessary to enable the defendant to complain of its admission in this court. State v. Patrick, 107 Mo. 147; Alcorn v. Railroad, 108 Mo. 81; State v. Myers, 99 Mo. 107; Connor v. Black, 119 Mo. 126; State v. Brown, 115 Mo. 409; State v. Bartlett, 170 Mo. 672; Bailey v. Kansas City, 189 Mo. 503; State v. Hathorn, 166 Mo. 237. (3) An objection made at the inception of an effort to introduce improper evidence is sufficient and does not have to be repeated with each question relating thereto. Krueger v. Railroad, 94 Mo. App. 458; 8 Enc. Plead. and Prac., 229; Bailey v. Kansas City, 189 Mo. 503; Schierbaum v. Schemme, 157 Mo. 1; Bailey v. Kansas City, 189 Mo. 503. (4) As above stated, it is apparent that this evidence was prejudicial to the defendant. This court has declared that incompetent evidence is never harmless where it may influence the jury. Shoe Co. v. Hillig, 70 Mo. App. 301; Gunther v. Roy, 74 Mo. App. 597.

*S. P. Davisson,* Prosecuting Attorney, for defendant in error.

(1) The extent to which a cross-examination of a witness may be carried must be left largely to the discretion of the trial court. A wide latitude is allowed in cross-examination, especially where the witness shows a disposition to withhold evidence or prevaricate, and for the purpose of testing his memory, means of knowledge, or accuracy. He may often be cross-examined on remote subjects. Young v. Smith, 25 Mo. 345; State v. Rob, 90 Mo. 50. In the cross-examination of the witness Hogan, the defense objected to but one question

which is as follows: Q. Did you at various times during the summer of 1903 go into Seigenthaler's place and get liquor? Defendant objects. Objection overruled. To the action of the court in overruling said objection the defendant then and there excepted and still excepts. Q. Didn't you go to Seigenthaler's at various times or some time during the summer of 1903, and get liquor from Seigenthaler? A. No. (2) This undoubtedly placed the issue of whether or not, Granville Hogan was at Seigenthaler's and while in there secured a drink of whiskey. We think that under all the decisions of the court that we had a right to ask him such questions as would test his memory, his means of knowledge, or the accuracy of his memory and knowledge, under the cases cited above. Young v. Smith, 25 Mo. 345; State v. Rob, 90 Mo. 50. (3) On the trial of an indictment in one count for selling liquor, evidence may be given of several sales within a year prior to the filing of an indictment, and the prosecution cannot be required to elect on which charge it will proceed. State v. Stevens, 70 Mo. App. 554; State v. Heinze, 45 Mo. App. 403. (4) A witness called by either party to prove any fact is his witness for all purposes and may be cross-examined by the adverse party upon the entire case. Walter v. Hoeffmen, 51 Mo. App. 46; Diel v. Stegner, 56 Mo. App. 535.

ELLISON, J.—The defendant was proceeded against by information filed by the prosecuting attorney of Harrison county charging him with a violation of the local option law in the sale of liquors. He was convicted, fined five hundred dollars and has appealed to this court.

The same point as to the validity of the adoption of the local option law in Harrison county is made as was urged in State v. Foreman, decided at this term adversely to defendant. We need do no more than refer to that case for the reason for our ruling the point against the defendant.

In this case the defendant is charged generally with an illegal sale of intoxicating liquors on the 8th of September, 1903. The information was filed on the 20th of October of that year. The evidence offered by the State in support of its charge was confined to two witnesses who testified to one sale only, that is to say, to the sale of three drinks at one time, one to each of the witnesses and one to Hogan who was with them, one of them paying twenty-five cents for the three drinks. The defendant testified in his own behalf a point-blank denial of the truth of the State's witnesses. Hogan whom the State's witnesses stated was with them testified for the defense in denial of the statement of the two witnesses for the State. He was then asked on cross-examination over defendant's objection: "Didn't you at various times during the summer of 1903, go into Seigenthaler's place and get liquor?"

In passing on the propriety of such question we will do so mindful of the right of the State on a general charge of an illegal sale without naming to whom, to show a number of sales to separate persons at any time within a year prior to the indictment or information. In this case the State, as already written, confined itself to a specific sale and tendered that issue to the defendant. Now conceding its right after the close of its case, to prove, by cross-examination, other sales, at other times, within the year, it must do so in a proper manner; that is to say, it should prove a sale and that it was of the forbidden quantity. The offer of proof in this instance was whether he *got* liquor, not whether he bought it and not whether it was the *forbidden quantity*. It was however evidently not the purpose of the State's attorney to prove another offense. His object was cross-examination, and so he defends the action here by brief and oral argument. But we cannot see how such cross-examination can be upheld. It did not relate to the

charge as sought to be proven by the State, but did, of course, tend to prejudice the jury against the defendant in relation to matters not on trial. In the case of State v. Fierline, 19 Mo. 380, a witness testified that he did not recollect of having bought beer of the defendant within one year previous to filing the indictment. He was then asked by the State, "Have you ever seen, in your whole life, any beer bought at the defendant's house?" The Supreme Court ruled the question as improper and prejudicial to the defendant. See also State v. Roberts, 33 Mo. App. 524.

We by no means wish to limit the right of cross-examination where the object sought is to test the witnesses' veracity, interest, knowledge, etc., but the right must not be carried so far as to amount to abuse of the privilege and become mere matter for prejudicing the jury outside of any issue in the case, or beyond any object legitimately falling within the reason for cross-examination. In a prosecution for selling liquor to a minor, the defendant after stating that he thought the boy was of age, was asked, on cross-examination, if he had not stated that he had theretofore been "complained against for selling liquor to minors and that he was going to keep right on selling it just the same;" the Court of Appeals of New York went so far (possibly too far) as to hold the question improper and prejudicial. [People v. Werner, 174 N. Y. 132.]

Manifestly much must depend upon the nature of the charge against the defendant. Thus if the question is whether the liquor charged to have been sold was intoxicating, evidence of its having such result at other sales is well received. So if the proof is a sale on Sunday by the defendant's agent or clerk, and he denies knowledge of the sale or authority to the clerk, he may be asked, on cross-examination, if he had not paid a fine imposed on his clerk for a sale on a previous Sunday, it was held a proper question as tending to discredit his

statement and to show his consent. [Commonwealth v. Nash, 135 Mass. 541.] Again, there are cases to be found where the mere keeping of liquors for the purpose of sale is an offense. And where the prosecution is for maintaining a nuisance by the keeping and selling of liquors. If we were considering such character of cases we could look with more favor on the questions as asked by the State in this case.

A clerk in defendant's store was a witness for the defense and his evidence tended to contradict the evidence for the State. He was asked on cross-examination whether, on the day charged, "men were not going behind the prescription case every hour in the day." He was also asked the general question whether defendant did not "keep liquor back there to sell," meaning the back parlor of the store. He was further asked generally, if "men drank and bought liquor there." For the reasons already given, these general and indefinite questions were not proper and were prejudicial.

We consider the point made against the sufficiency of the objections made by defendant's counsel as not well taken. The evidence sought by the several questions was not competent for any purpose within the issues tendered in the case.

The judgment will be reversed and the cause remanded. The other judges concur.