STATE OF MISSOURI, Respondent, v. JOHN STIKE, Appellant.

Springfield Court of Appeals, July 7, 1910.

1. CRIMINAL LAW: Dramshop Keeper: Selling Liquor to Minor: Sale by Bartender: Instructions: Ignoring Defense. Defendant, a dramshop keeper, was tried on an indictment charging him with selling liquor to a minor. The State's evidence was to the effect that the sale had been made by defendant's barkeeper. The defendant offered testimony tending to prove that he had in good faith given directions to his barkeeper not to sell intoxicating liquor to a minor, and that the sales were made during his absence and without his knowledge. The instruction given for the State ignored this defense and made the defendant responsible for the acts of his bartender. *Held,* that the instructions were erroneous.

2. INSTRUCTIONS: Criminal Law: Misdemeanor: Ignoring Defense: Duty to Request. While in misdemeanor cases it is the duty of the defendant to request instructions it is also the duty of the court to give proper instructions in behalf of the State. So in a criminal case against a dramshop keeper for selling liquor to a minor, when an instruction completely ignores the defense which the evidence for defendant tended to establish, and which in effect under the State's evidence amounted to a preemptory instruction to find the defendant guilty. *Held,* that the giving of said instruction was error.

3. **EVIDENCE: Criminal Law: Selling Liquor to Minor.** Where defendant is tried under an indictment charging him with selling liquor to a minor, the evidence must be confined to sales made to the minor named in the indictment, and testimony of other and distinct sales made to different persons should be excluded.

Appeal from Scott Circuit Court.—*Hon. Henry C. Riley,* Judge.

REVERSED AND REMANDED.

*Joe W. Moore* and *R. A. Kingsbury* for appellant.

(1) The testimony was that the sale was made by the bartender. The defendant and his bartender's testimony was that the bartender was instructed not to sell to minors and that this instruction was given in good faith with the intention of having said instruction carried out. This testimony was undisputed and constituted a perfect defense in this case. State v. McCance, 110 Mo. 398; State v. Webber, 111 Mo. 204; State v. Meadows, 106 Mo. App. 604; State v. Baker, 71 Mo. 475. (2) The principal is not responsible for the unauthorized acts of his agent done in his absence without his knowledge and against his express directions. State v. McGrath, 73 Mo. 181; State v. Baker, 71 Mo. 475. (3) The testimony should be confined to the minor named in the indictment. State v. Yockey, 49 Mo. App. 443; Walls v. State, 100 S. W. 370.

*C. N. Mozley,* Prosecuting Attorney, for respondent.

GRAY, J.—The defendant, a dramshop keeper at New Hamburg, in Scott county, was indicted in the circuit court of that county for selling intoxicating liquor to one Sam Bailey, a minor, on the 4th day of April, 1908. On trial before a jury, the defendant was convicted and he has appealed to this court.

The testimony for the State shows that the defendant was a dramshop keeper, and that on the day alleged in the indictment one Sam Bailey, a minor, purchased four or five glasses of beer from defendant's barkeeper.

The State was permitted, over the objection of the defendant, to prove by one Dell Crawford, a minor, that he also purchased intoxicating liquors of the defendant's barkeeper on that day.

The defendant offered testimony tending to prove that he had in good faith given instructions to his bartender not to sell intoxicating liquors to minors, and that he was not present on that day when the sales were made and had no knowledge of them.

At the request of the State, the court gave the jury the following instruction: "The court instructs the jury if you believe and find from the evidence that the agent, clerk or barkeeper sold the beer to one Sam Bailey as charged in the indictment, the fact that the defendant was not present or was not in the saloon at the time of the sale of the beer would not excuse or justify him for a sale made by his clerk, agent or bartender in his absence, but the acts of the agent, clerk or bartender whether in or out of his presence is the act of the defendant John Stikes and he is responsible for the sales made by his clerk, agent or bartender, and you should find the defendant guilty and assess his punishment by a fine of not less than fifty nor more than two hundred dollars."

This instruction, under the evidence, was a peremptory instruction to find the defendant guilty. It wholly ignored the defense that the sale was made in the absence and without the knowledge of the defendant and against his instructions made in good faith. There was no instruction given in behalf of the defendant submitting that defense to the jury. While in misdemeanors, it is the duty of the defendant to request instructions, it is also the duty of the court to give proper instructions on behalf of the State, and for the

error in giving instruction No. 2 in its present form, the judgment must be reversed and the cause remanded.

On a new trial the testimony of other and distinct sales made to different persons should be excluded and the evidence confined to the sale or sales made to the minor named in the indictment. [State v. Yockey, 49 Mo. App. 443; Walls v. State, 100 S. W. 370; State v. Danbert, 42 Mo. 242; State v. Apperger, 80 Mo. 173; State v. Roberts, 33 Mo. App. 524; State v. Turner, 76 Mo. 350.]

The judgment will be reversed and the cause remanded for new trial. All concur.